UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI
CIVIL CASE NO: 11-318-HJW-JGW

MATTHEW MITCHELL                                              PLAINTIFF

V.

TRI-HEALTH, INC., et al.                                      DEFENDANTS

**ORDER**

Pro se plaintiff has filed this employment discrimination action.  United States Magistrate Judge Karen Litkovitz has entered an order granting plaintiff's motion for leave to proceed in forma pauperis.  Doc. 2.  Pending now is plaintiff's motion styled "motion for subpoenas to be issued." Doc. 19.

Plaintiff's brief motion asks the Court to issue subpoenas to defendants "for the release of any and all documents, desk files, employee files, labor relation files, electronic mail (E-mail) and any other correspondence concerning Matthew E. Mitchell."  Doc. 19.  In their terse response, defendants note that the day after the motion was filed they sent most of the documents requested by plaintiff pursuant to their Rule 26(a)(1) disclosures.  Doc. 20.  Defendants also generically argue that the "motion is improper and should be denied, and Plaintiff should be ordered to follow the Federal Rules of Civil Procedure if he seeks discovery in this case."  Doc. 20.  Plaintiff has not filed a reply and the time for doing so has elapsed.

As plaintiff has been granted the ability to proceed in forma pauperis, he may be entitled to have subpoenas served by the Marshal's Service.  *See, e.g., Hughes v. Lavender*, 2011 WL 1002755, at *1 (S.D. Ohio March 15, 2011) ("Mr. Brown is proceeding in forma pauperis. 28 U.S.C. § 1915(d) provides that '[t]he officers of the court shall issue and serve all process, and

perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.'  The Marshal's Service is required under this provision to serve an indigent party's subpoena duces tecum, but under certain circumstances, a district court may relieve the Marshal's Service of its statutory duty to make service."). However, plaintiff has not completed any of the blank subpoena forms available on the Court's website.  *See* http://www.ohsd.uscourts.gov/forms.htm.  Among other matters, those forms contain spaces for plaintiff to specify the address of the entities to be served and a date by which the party served must produce the requested documents.  Because the Marshal's Service cannot serve blank subpoenas, plaintiff, like any other litigant, is required to complete the basic information on the form subpoenas.

In addition, plaintiff has apparently been provided with the documents he seeks.  In the event plaintiff disagrees, he must specify which document(s) he seeks.  Additionally, plaintiff must also fill out the subpoena forms and attach them as exhibits to any renewed motion for the Marshal's Service to serve the subpoenas.

For the foregoing reasons, it is **ORDERED**:

Plaintiff's motion for subpoenas to be issued [Doc. 19] is **denied**.

This the 26th day of October, 2011.                         s/ J. Gregory Wehrman
                                                            J. Gregory Wehrman
                                                            United States Magistrate Judge

2