UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI
CIVIL CASE NO: 11-318-HJW-JGW

MATTHEW MITCHELL                                                    PLAINTIFF

V.

TRI-HEALTH, INC., et al.                                            DEFENDANTS

### AMENDED REPORT AND RECOMMENDATION[1]

The presiding district judge has referred defendants' motion to dismiss for lack of prosecution [Doc. 25] to me for preparation of a report and recommendation.  Doc. 5.  Having examined the record and relevant law, I recommend that the motion be granted.

**I. Factual and Procedural History**

Pro se plaintiff Matthew Mitchell filed this employment discrimination action in May 2011 alleging that he was discriminated against based upon his gender and disability while employed by defendant Hospice of Cincinnati.  Doc. 3.  In July 2011 I issued an order denying plaintiff's construed motion for appointment of counsel.  Doc. 11.  After granting plaintiff's motion for an extension of time [Doc. 15], the parties filed their Rule 26(f) report on August 10, 2011.  Doc. 17.  Shortly thereafter an order was filed requiring discovery to be completed by April 30, 2012 and dispositive motions to be filed by May 31, 2012.  Doc. 18.

In January 2012 plaintiff filed a motion asking the Court to abate the case until July 30, 2012 because "Plaintiff is in the process of seeking legal counsel and needs time."  Doc. 22.  I

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this report and recommendation.  The previous report and recommendation did not contain the attached notice.  Attachment of the notice and addition of this footnote are the only differences between the original report and recommendation and this amended report and recommendation.

1

denied the motion shortly after it was filed, concluding that plaintiff "already had over six months to obtain the services of an attorney" and "it reasonably should not take him six additional months to retain counsel." Doc. 23.

Nothing substantive was thereafter filed in the record until defendants filed the motion to dismiss for lack of jurisdiction on May 1, 2012. Doc. 25. Plaintiff has not filed a response and the time for doing so under LR 7.2(a)(2) has expired.[2]

**II. Analysis**

As grounds for their motion to dismiss for lack of prosecution, defendants point out the following:

- Plaintiff has not provided his initial disclosures, despite the parties' agreement that disclosures would be exchanged by September 16, 2011;

- Plaintiff did not respond to interrogatories and requests for documents sent by defendants on October 18, 2011;

- Plaintiff did not respond to a December 9, 2011 letter from counsel for defendants asking plaintiff to provide dates for his deposition and reminding plaintiff of his obligation to respond to discovery requests and to provide his initial disclosures.

Fed.R.Civ.P. 37(b)(2)(A) generally provides that a court may impose sanctions upon a party who fails to obey an order to provide or permit discovery. Similarly, Fed.R.Civ.P. 37(d)(1)(A) provides that a court may impose sanctions upon a party for failing to respond to

---

[2]Plaintiff's failure to file a response does not automatically entitle defendants to dismissal of this action as LR 7.2(a)(2) provides that "[f]ailure to file a memorandum in opposition may be cause for the Court to grant any Motion, *other than one which would result directly in entry of final judgment* or an award of attorney fees." (Emphasis added).

interrogatories. Among the possible sanctions a court may impose is "dismissing the action or proceeding in whole or part . . . ." Fed.R.Civ.P. 37(b)(2)(A)(v). In addition, Fed.R.Civ.P. 41(b) provides in relevant part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

A court should consider four factors in determining whether to dismiss a complaint as a sanction for noncompliance with discovery obligations/failure to prosecute:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-37 (6th Cir. 1997) (internal quotation marks omitted).[3]

The only substantive actions plaintiff has taken in the case involve requests for extensions of time or to hold the action in abeyance. In addition, the record contains no explanation whatsoever as to why plaintiff has failed to cooperate with his discovery obligations. Plaintiff's complete failure to cooperate in any discovery can only be construed as demonstrating bad faith and/or a willful intent to unduly delay resolution of this action. *See, e.g., Carr v.*

---

[3] Although the Court is cognizant of plaintiff's pro se status, that status does not mean that plaintiff is at liberty to refuse to meaningfully participate in this action. *See, e.g., Black v. Columbus Public Schools*, 2011 WL 1990579, at *3 (S.D.Ohio May 23, 2011) ("Plaintiff may not understand all of the nuances of the law, but her status as a pro se party is an outgrowth of her own actions. Additionally, pro se status is not a license to ignore the law or those rules a party deems inconvenient or fails to understand fully. It would be unfair to deny Defendant the right to pursue its defense in a cost effective and just manner by continuing to afford special treatment to Plaintiff for her at best inadvertent and at worst intended noncompliance with the Court's orders and her litigation obligations.").

*Miami County Jail*, 2006 WL 2987823 (S.D.Ohio Oct. 17, 2006) (recommending dismissal of pro se plaintiff's case due to plaintiff's failure to participate in discovery, failure to answer interrogatories and failure to respond to a request to schedule a deposition).

It also is manifest that plaintiff's failure to meaningfully participate in this action has prejudiced defendants. Plaintiff's failure to participate in discovery has caused defendants to waste valuable time and resources in attempting to get plaintiff to meet his discovery obligations. *See, e.g., Harmon*, 110 F.3d at 368 ("We have no doubt that CSXT was prejudiced by Harmon's failure to respond to its interrogatories. Not only had CSXT been unable to secure the information requested, but it was also required to waste time, money, and effort in pursuit of cooperation which Harmon was legally obligated to provide.").

As to the third factor, plaintiff has not been previously warned by the Court that a failure to prosecute or to cooperate in discovery could lead to dismissal of this action. However, plaintiff's failure to meaningfully participate in this case is well documented in defendant's motion. Moreover, the filing of the motion to dismiss should have alerted plaintiff to the possibility that his inaction could lead to dismissal of this case. In short, the lack of a specific prior warning does not mean that a case cannot be dismissed for failure to prosecute. *See, e.g., Manning v. Diversified Collection Services, Inc.*, 2010 WL 1438735, at *2 (S.D.Ohio April 9, 2010) (dismissing action under Fed.R.Civ.P. 41 even though no prior warning issued).[4]

Finally, it is unclear what–if any–less drastic sanctions would be appropriate. The discovery period has expired and the record does not indicate that plaintiff has taken *any*

---

[4] In addition, the filing of this report and recommendation provides plaintiff with additional notice that this case may be dismissed.

4

substantive steps toward timely resolving this case.  Plaintiff's patent lack of interest in the case is highlighted by the fact that he did not even bother to file a response to the motion to dismiss.  I therefore recommend dismissal as the appropriate sanction for plaintiff's persistent failure to prosecute his claims.  As defendants note in their motion to dismiss, "[a]llowing Mr. Mitchell to proceed with this action in the face of his multiple dilatory tactics, utter failure to prosecute this case, provide initial disclosures, respond to discovery requests, respond to Defendants' requests to schedule his deposition or comply with multiple Court orders would undermine the effect of the Court's orders and the Federal Rules of Civil Procedure."  Doc. 25, p.6.

### III. Recommendation

For the foregoing reasons, it is **RECOMMENDED**:

Defendants' motion to dismiss for lack of prosecution [Doc. 25] should be **granted**.

This 13th day of June, 2012.                              s/ J. Gregory Wehrman
                                                          J. Gregory Werhman
                                                          United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**AT CINCINNATI**
**CIVIL ACTION NO. 11-318-HJW-JGW**

**MATTHEW MITCHELL**                                                              **PLAINTIFF**

**V.**

**TRI-HEALTH, INC., et al.,**                                                        **DEFENDANTS**

**NOTICE**

      Attached hereto is the Report and Recommendation of the Honorable J. Gregory Wehrman, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).